```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


ELSIE RODRIGUEZ,


                    Plaintiff,


vs.                                    Case No.  2:05-cv-212-FtM-29SPC


JO ANNE BARNHART, Commissioner of
Social Security,


                    Defendant.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Amended Report and Recommendation (Doc. #17), filed on August 18, 2006, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Amended Objections (Doc. #18) on August 19, 2006.

**I.**

Plaintiff argues that the Administrative Law Judge (ALJ) failed to consider the mental and physical demands of plaintiff's past relevant work and failed to articulate such findings of fact, as required by Social Security Ruling (SSR) 82-62, and therefore the ALJ's findings at Step 4 concerning plaintiff's residual functional capacity (RFC) to perform that past work was in error.

Plaintiff also argues that the ALJ's hypothetical question to the vocational expert concerning RFC was not adequate.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

At Step 4 of the five step sequential evaluation process the ALJ found that plaintiff had the residual functional capacity to perform her past relevant work as a tagger. (Tr. 16, 17.) The ALJ

stated the correct legal standard concerning the determination of plaintiff's RFC (Tr. 13). After considering consultative examinations by Paul Miske, Ph.D, Rajan Sareen, M.D., Joseph White, Ph.D., and state agency assessments (Tr. 13-14), the ALJ found plaintiff "retains the residual functional capacity for a limited range of medium work, with the additional limitations of performing up to frequent climbing, balancing, stooping, kneeling, crouching, and crawling; and no more than occasional exposure to industrial dusts, fumes, chemicals, or other irritants, and the additional mental limitation of being limited to simple routine repetitive tasks." (Tr. 14.) The ALJ considered but discounted the opinion of Edwin Feliciano, M.D. as being conclusory and not supported by the medical evidence. (Id.)

The ALJ also considered the opinion of Nancy Buthman, ARNP, "who opined that the claimant was extremely limited in her ability to complete work tasks in a normal workday or week at a consistent pace, the ability to perform at production levels expected by most employees, and the ability to tolerate customary work pressures. It was also opined that she was markedly limited in the ability to maintain attention and concentration, and likely to deteriorate under job related stress. It was further opined that the claimant could not stand or walk for more than one hour per day or sit more than 4 hours per day, as well as other significant limitations concerning lifting, grasping, manipulation, and postural limits." (Tr. 14-15.) In assessing the weight to be given nurse Buthman's

evidence, the ALJ correctly noted that a registered nurse is not a "medical" source of information under the regulations, but was an "other" source whose opinions are to be duly considered but were not controlling.  (Tr. 15.)  The ALJ stated that he had duly considered her opinion and had given it "some weight," but did not find it persuasive because, like Dr. Feliciano's opinion, it was inconsistent with the overwhelming preponderance of the medical record.  (Id.)  The ALJ also discounted plaintiff's testimony and assertions for six specified reasons (Tr. 15-16.)

Having determined plaintiff's residual functional capacity, the ALJ then noted that he must determine whether plaintiff could perform her past relevant work.  (Tr. 16.)  The ALJ found that the evidence in the case established that plaintiff had past relevant work as a tagger for Ames Department Store.  (Id.)  The ALJ then stated that the "impartial vocational expert testified that based upon the claimant's residual functional capacity as found above, the claimant could return to her past relevant work as a tagger as previously performed and as generally performed in the national economy."  (Id.)  The ALJ therefore found "that the claimant could return to her past relevant work as a tagger"; that "claimant's past relevant work as a tagger did not require the performance of work-related activities precluded by her residual functional capacity, per the testimony of a vocational expert" (Tr. 17); and therefore plaintiff was not under a disability within the meaning of the Social Security Act (id.).

-4-

**III.**

Plaintiff first asserts that the ALJ erred in the hypothetical question he posed to the vocational expert. Plaintiff argues that the hypothetical question did not include all the opinions of Certified Nurse Practitioner Nancy Buthman, that the ALJ did not articulate which portions of Ms. Buthman's assessment he considered, and that the ALJ's decision cannot be deciphered to determine the basis for his findings because his findings were inconsistent. (Doc. #18, pp. 2-4). The Court disagrees.

The ALJ was not required to obtain the testimony of a vocational expert to determine whether plaintiff could perform her past relevant work. Phillips, 357 F.3d at 1238. The services of a vocational expert may, however, be used in making a RFC determination because such an expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 416.960(b)(2). See also Hennes v. Comm'r of Soc. Sec., 130 Fed. Appx. 343, 346 (11th Cir. 2005). A hypothetical question may be used in this context. 20 C.F.R. § 416.960(b)(2). In order to constitute substantial evidence, the hypothetical question must include all of plaintiff's impairments, Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999), but the ALJ is "not required to include findings in the hypothetical that the ALJ properly rejected as unsupported." Crawford, 363 F.3d at 1161.

Plaintiff argues that while the ALJ stated he gave "some weight" to Ms. Buthman's assessment, he did not state what portion of Ms. Buthman's assessment was actually accorded weight and this cannot otherwise be determined from the record. Plaintiff also argues that although the ALJ stated that his RFC assessment was based on the state agency assessments, which he found "most persuasive and has given the greatest weight," this is unclear because the ALJ did not specify which portion(s) of the state agency assessments he considered in the RFC assessment.

The Court finds that the ALJ's findings are sufficiently stated when viewed in the context of his entire decision and support the hypothetical questions he posed to the vocational expert. The ALJ clearly stated his reasons for discounting Ms. Buthman's opinions, specifically finding that the opinions suffered from the same deficiencies as Dr. Feliciano's opinions. (Tr. 14, 15.) From the ALJ's findings concerning RFC, it is easy to determine which portions of Ms. Buthman's opinions were rejected. Contrary to plaintiff's argument, it is clear that the ALJ did not credit Ms. Buthman's sit-or-stand assessment or her other opinions which were inconsistent with the RFC findings. Given the ALJ's findings regarding RFC, which are supported by substantial evidence in the record, his hypothetical questions were sufficient.

**IV.**

Plaintiff also argues that the ALJ erred in failing to consider the mental demands of her past work and articulate those

findings of fact, as required in Social Security Ruling (SSR) 86-62.  The burden is upon plaintiff to establish she cannot perform past relevant work.  There is no record evidence of any particular level of mental demands on plaintiff's past work as a tagger as she described it.  The ALJ's articulation of the job requirements were sufficient.  Additionally, as the Report and Recommendation states, there were amendments to the regulations after SSR 86-82, and the Decision of the ALJ properly complied with those regulations.

After an independent review of the record in this case, the Court agrees with the findings and recommendations in the Amended Report and Recommendation.  Therefore, the Decision of the ALJ will be affirmed.

Accordingly, it is now

**ORDERED**:

1.  The Amended Report and Recommendation (Doc. #17), as supplemented by this Opinion and Order, is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **affirmed.**

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

-7-

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record